## VAN H. HIGGINS

*v.*

## STEPHEN WHITE *et al.*

*Filed at Ottawa November 13, 1886.*

1. CHANCERY—*new matter set up in answer—effect thereof when not put in issue in the pleadings.*  On creditors' bill to set aside a deed from the debtor to his daughter-in-law as fraudulent, the defendants set up in defence, in the answer, a prior deed made by the same grantor several years before, and while he was not in debt, to his only son, as an advancement, the father retaining ample property at the time, under which prior deed possession was taken before any liens attached.  The bill contained no charge as to such prior deed, nor was the bill amended so as to attack its validity:  *Held,* that there was no error in dismissing the bill.

2. FRAUDULENT CONVEYANCE — *advancement by a parent to a child.* The law is well settled that a parent who is not indebted may make a voluntary settlement of property on a child, when it is reasonable, considering the grantor's circumstances in life; and such a settlement will not be fraudulent as to subsequent creditors of the parent.

3. NOTICE—*of unrecorded deed—by possession.*  Where a grantee enters into the actual possession of the land conveyed to him, and continues in such possession as owner, his possession is notice to all the world of his rights in the premises under his unrecorded deed.

4. EVIDENCE—*acts and declarations of grantor after conveyance, as affecting grantee.*  A grantee in a deed will not be affected by the declarations of his grantor made after the execution and delivery of the deed, unless made in his presence, or unless, with full knowledge of such declarations, he acquiesces in them or sanctions them.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Mr. GEORGE BURRY, for the plaintiff in error:

The deed of 1879, to Emma H., is invalid as against the plaintiff.  The law allows no man, beyond the specific exemptions of the statute, by any form of contract, to secure the use of the property to himself, to the exclusion of his creditors.

*Robinson* v. *Stewart*, 10 N. Y. 195; *Goodrich* v. *Down*, 6 Hill, 438; *Jackson* v. *Parker*, 9 Cow. 84; *Annis* v. *Bonar*, 86 Ill. 128.

The deed of 1865, to John C., is invalid as against the plaintiff, because it has never been recorded, and the plaintiff had no notice of it by possession. *McMechan* v. *Griffing*, 3 Pick. 154; *Plumber* v. *Robertson*, 6 S. & R. 184; *Cook* v. *Travis*, 20 N. Y. 400; *Staples* v. *Fenton*, 5 Hun, 172; *Bell* v. *Twilight*, 18 N. H. 159; *Billington* v. *Welsh*, 5 Binn. 129; *Smith* v. *Yule*, 31 Cal. 180; *Clark* v. *Morris*, 22 Ill. 434; *Stone* v. *Cook*, 79 id. 424.

That deed was also invalid because of the secret trust reserved for the benefit of the grantor,—the agreement of the son to support and take care of the grantor. This constitutes a secret trust. *Lukins* v. *Bird*, 6 Wall. 79; *Rice* v. *Cunningham*, 116 Mass. 469; *Adiorne* v. *Mason*, 9 N. H. 31; *Coolidge* v. *Melvin*, 42 id. 510; *Moore* v. *Wood*, 100 Ill. 451.

Such a reservation is conclusive evidence of fraud, and makes this conveyance void, not only against precedent, but also against subsequent, creditors, for it is a continuing fraud. *Coolidge* v. *Melvin*, 42 N. H. 510; *Jones* v. *King*, 86 Ill. 229; *Moore* v. *Wood*, 100 id. 452; *Ledensparker* v. *Ledensparker*, 52 Me. 490; *Griffin* v. *Bank*, 74 Ill. 259; Bump on Fraud. Con. (3d ed.) 325, 326; *Hook* v. *Mowre*, 17 Iowa, 195; *Clark* v. *French*, 23 Me. 227.

That the benefit reserved was not the entire interest, makes no difference. The conveyance being void in part, is void altogether. *Ledensparker* v. *Ledensparker*, 52 Me. 490; *Moore* v. *Wood*, 100 Ill. 452.

Mr. ALLAN C. STORY, for the defendants in error:

The possession of a party under an unrecorded deed is notice of his rights and title. *Coari* v. *Olsen*, 91 Ill. 273, and cases there cited; *Brainard* v. *Hudson*, 103 id. 218.

The settlement of property by a husband upon a wife, or by a parent upon a child, when the donor is solvent at the

time, and the settlement is a reasonable one, can not be attacked by subsequent creditors of the donor. *Crawford* v. *Logan*, 97 Ill. 396; *Moritz* v. *Hoffman*, 35 id. 553; *Matthews* v. *Jordan*, 88 id. 602; *Tunison* v. *Chamblin*, id. 378; *Patterson* v. *McKinney*, 97 id. 41; *Mixell* v. *Lutz*, 34 id. 382; *Gridley* v. *Watson*, 53 id. 186; *Bridgeford* v. *Riddle*, 55 id. 261; *Pratt* v. *Myers*, 56 id. 23; *Emerson* v. *Bemis*, 69 id. 527; *Patrick* v. *Patrick*, 77 id. 555.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Van H. Higgins, in the circuit court of Cook county, against Stephen White, John C. White and Emma H. White, to set aside a deed executed December 3, 1879, by Stephen to Emma H. White, purporting to convey a tract of land in Cook county, consisting of fifty-one acres, and to subject the land to sale on execution. It is alleged in the bill, that the deed was made to hinder, delay and defraud complainant, a judgment creditor of Stephen White; that an execution had been levied on the land, but the deed was an obstruction to the enforcement of its collection. The defendants put in an answer to the bill, and subsequently, by leave of the court, an amended answer. Replication was filed, and a hearing had on the pleadings and evidence, and on the hearing, a decree was rendered dismissing the bill. The decree was affirmed in the Appellate Court, and this writ of error was sued out by the complainant to reverse that judgment.

It appears from the evidence contained in the record, that Osgood recovered a judgment against the Protection Life Insurance Company, in July, 1877; that the company took an appeal to the Appellate Court, and filed a bond August 4, 1877, with Stephen White and one Simons as sureties. The judgment was afterwards affirmed, and Osgood assigned it to Higgins. In February, 1880, Osgood, for the use of Higgins,

recovered a judgment on the appeal bond, against Stephen White, for the sum of $11,500. On April 9, following, an execution was issued on the judgment, and levied on the land in question. It also appears from the evidence, that John C. White is a son of Stephen White, and that Emma H. was the wife of John; that on the 3d day of December, 1879, Stephen White, by deed of that date, conveyed the premises described in the bill, to Emma White, which was recorded on December 15, following. The consideration of this deed was an agreement, on the part of Emma White, to support Stephen White during his natural life. It also appears, that, at the time of making this deed, Stephen White was insolvent.

In the answer first put in by the defendants, the defence mainly relied upon to defeat the complainant's bill was, that the contract entered into by Emma White to support Stephen White during his natural life, was a sufficient consideration for the deed of the lands, made by Stephen White to her. Afterwards, the defendants obtained leave of the court to put in an amended answer, in which it was set up, in substance, that the premises were conveyed by Stephen White to John C. White on the 19th day of July, 1865; that at the time of making the conveyance, Stephen White was not indebted, and retained a large amount of property after the conveyance. The execution and delivery of the deed, at the time it bears date, were clearly established, by evidence of the most satisfactory character. The object of the father in making the conveyance, was to make a settlement of the property on the son, and the son, in consideration of the conveyance, executed an agreement to provide a home for Stephen White, and to support him during the remainder of his life. The deed was not recorded until after this controversy arose, but, as shown by the evidence, the deed was delivered when it was executed, in 1865, and, before the great fire of 1871, John C. White used the deed in court as evidence of his title to the property conveyed, in the trial of several causes he had brought against

different persons in regard to different parts of the land. It also appears, that the existence of the deed was well known to those living in the neighborhood where the land is located.

It will be observed that complainant's bill contained no charges respecting the deed of 1865, nor does the record show any amendment of the bill in this regard. It seems, from the record, that an amendment was prepared, but it was not filed, nor has it been incorporated in the record, so that the nature or character of the amendment may be seen and known. The deed of 1865, therefore, stands unchallenged, so far as is shown by the record, and as the deed was set up and relied upon as a defence, and no allegations were made in the bill against its validity, the decree dismissing the bill may be sustained upon this ground alone. But we prefer to place the decision on broader grounds. In 1865, when Stephen White executed the deed conveying the land to his son, he was free from debt. He retained in his possession, after this conveyance, $10,000 worth of property. Under such circumstances, if he saw proper to make a settlement of property on his son, who was an only child, he had a right to do so. The law is well settled, that a parent, who is not indebted, may make a settlement of property on a child, where the settlement is reasonable, considering the grantor's circumstances. Higgins can not complain, unless he was a creditor at the time, which he was not, or unless the conveyance was made by White with a view of contracting future fraudulent indebtedness, which does not appear.

But it is insisted that the deed is invalid, as against complainant, because it was not recorded until after his judgment had become a lien. There might be force in this position if the complainant had acquired a lien without any notice of the rights of John C. White in the property; but such was not the fact. The object of recording a deed is to afford subsequent purchasers or incumbrancers notice. But the recording of a deed is not the only method under which such persons

may receive notice of a conveyance. Where a person purchases a tract of land, and obtains a deed, and enters into the possession of the land, and continues in the possession as owner, such possession is notice to all the world of the grantee's rights in the premises, under his unrecorded deed. As held in ·Coari v. Olsen, 91 Ill. 273, actual occupancy is equal to the record of a deed under which the occupant claims, and the purchaser is bound to inquire by what right or title he holds. Here, John C. White went into the possession of the land under his unrecorded deed. He claimed to own the property, exercised all the acts of ownership that an owner ordinarily does over his property. He brought suits, in his own name, against trespassers, sold and conveyed a part of the land,—indeed, he exercised all the acts of ownership that a prudent person ever does over property purchased or acquired, as owner. Under such circumstances, his possession was notice of his title to any person who subsequently undertook to obtain any claim in or against the property. The fact that Stephen White, the grantor, after the execution of the deed, may have claimed the land, or may have filed an affidavit, when he executed the bond, that he was the owner, can have no bearing on the case, in the absence of all evidence that such facts were brought home to the knowledge of John C. White. A grantee in a deed is not affected with the declarations of the grantor made after the execution and delivery of the deed, unless, with full knowledge of such declarations, he acquiesces in or sanctions them.

We have said nothing in regard to the deed of 1879, to Emma H. White, holding, as we do, that the deed of 1865 was valid, and passed the title to John C. White. The validity or invalidity of the deed of 1879, as to complainant's judgment, is a matter of no moment.

We think the decree of the circuit court was correct, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*